_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01492-FWS-PVC                    Date: March 31, 2026
Title: Kelvin Martinez Bermudez v. Tim Robbins *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Rolls Royce Paschal                                       N/A
Deputy Clerk                                       Court Reporter

Attorneys Present for Petitioner:              Attorneys Present for Respondents:

Not Present                                       Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE*
APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

## I.    Introduction and Background

Petitioner Kelvin Martinez Bermudez brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Tim Robbins, Field Office Director of Enforcement and Removal Operations ("EOIR"), Los Angeles Field Office, Immigration and Customs Enforcement ("ICE"); Fereti Semaia, Warden of The Adelanto ICE Processing Center (Adelanto Detention Facility); Director of the U.S. Department of Homeland Security; Pamela Bondi, Attorney General of the United States; EOIR; David Marin, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, ICE; and the Warden of the Adelanto Detention Facility.  (Dkt. 1 ("Petition" or "Pet.").)  Petitioner "is a citizen of Nicaragua who has been in immigration detention since February 24, 2026. After arresting Petitioner at his scheduled ICE Check In, ICE did not set bond and Petitioner did not have the terms of his custody reviewed by an Immigration Judge pursuant to the Board of Immigration Appeal's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)."  (Pet. ¶ 15.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)."  *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025).  "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention."  *Id.*  "Prior to the new policy, foreign nationals, like petitioner[], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)

_____

**CIVIL MINUTES – GENERAL**                                                        1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01492-FWS-PVC                          Date: March 31, 2026
Title: Kelvin Martinez Bermudez v. Tim Robbins *et al.*

for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

Before the court is Petitioner's *Ex Parte* Application for Temporary Restraining Order. (Dkt. 2 ("Application" or "App.").)  In the Application, "Petitioner respectfully requests that this Court:

1. Issue a Temporary Restraining Order prohibiting Respondents from:
   ○ Removing Petitioner from the United States;
   ○ Transferring Petitioner outside the Central District of California;
   ○ Continuing detention without a constitutionally adequate bond hearing;
2. Order Respondents to show cause why a preliminary injunction should not issue;
3. Grant any further relief the Court deems just and proper."

(App. at 9.)  Respondents filed a Response to the Application.  (Dkt. 7 ("Resp.").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the record, as applied to the relevant law, the Application is **GRANTED.**

## II.    Legal Standard

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To justify *ex parte* relief, the moving party must establish (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *Id.* at 492-93.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01492-FWS-PVC                          Date: March 31, 2026
Title: Kelvin Martinez Bermudez v. Tim Robbins *et al.*

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

_____

**CIVIL MINUTES – GENERAL**                                                    **3**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01492-FWS-PVC                    Date: March 31, 2026
Title: Kelvin Martinez Bermudez v. Tim Robbins *et al.*

## III.    Analysis

The court finds Petitioner has adequately demonstrated that *ex parte* relief is warranted, and has also met his burden to show that he is entitled to a TRO under the *Winter* factors. Respondents do not argue otherwise.  Rather, in the Response, Respondents state:

> Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part,* --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration,* --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  . . . While Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a). Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

(Resp. at 1-2.)

Accordingly, the Application is **GRANTED**.  The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **April 7, 2026, at 9:00 a.m.**  If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **April 7, 2026, at 5:00 p.m.**  In addition, for the foregoing reasons, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect.  (Dkt. 5.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01492-FWS-PVC                                    Date: March 31, 2026
Title: Kelvin Martinez Bermudez v. Tim Robbins *et al.*

Respondents are further **ORDERED** to show cause in writing on or before **April 9, 2026,** as to why the court should not issue a preliminary injunction in this case.  Petitioner may file a response on or before **April 13, 2026**.  The court sets a hearing on whether a preliminary injunction should issue on **April 16, 2026, at 10:00 a.m., in Courtroom 10D.**

   **IT IS SO ORDERED.**

_____